UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DENNIS C DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-1112 |
| | § | |
| FAYETTE COUNTY APPRAISAL DISTRICT, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Dennis C. Davis, proceeding *pro se*, filed a civil rights complaint against the Fayette County Appraisal District ("FCAD") and two of its employees, Richard Moring and Linda Wagner (collectively the "FCAD Defendants"), and Perdue, Brandon, Fielder, Collins & Mott, LLP, an outside law firm retained by FCAD, and two of its attorneys John T. Banks and Dylan Wood (collectively the "Law Firm Defendants"). Davis alleges that the defendants violated his constitutional, statutory, and common law rights by filing a lawsuit against him seeking payment of delinquent property and *ad valorem* taxes. This Court dismissed the original complaint *sua sponte* on the grounds that Davis failed to state a claim for relief. The Fifth Circuit remanded the case to this Court with instructions to give Davis an opportunity to remedy any deficiencies in his complaint.

On September 22, 2017, Davis filed an amended complaint. On November 20 and 21, 2017, the defendants filed answers to the amended complaint, and on February 16, 2018, filed motions to dismiss the amended complaint. Davis responded to the motions on May 25, 2018. For the reasons stated below, the motions to dismiss are granted, and the amended complaint is dismissed with prejudice.

I.   **Background**

On March 29, 2012, the Law Firm Defendants, representing the FCAD, filed suit against Davis in state court seeking recovery of delinquent property and *ad valorem* taxes on several parcels of land owned by Davis between tax years 2005 and 2010. Davis claims that the state court lawsuit was baseless because he sold the parcels of land and that Moring and Wagner knew or should have known that he was not the responsible party. He seeks compensatory and punitive damages under 42 U.S.C. § 1983, the federal Fair Debt Collection Practices Act ("FDCPA"), the Texas Debt Collections Act ("TDCA"), and for intentional torts under Texas law.

II.   **Legal Standard**

In reviewing a motion to dismiss under rule 12(b)(6), the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir.1986). The standard of review under rule 12(b)(6) has been summarized as follows: "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 601 (1969).

III.   **Analysis**

Defendants argue that they are entitled to immunity, that Davis' claims are barred by the statute of limitations, and that the claims are without merit.

A.  **Limitations**

Davis raises both statutory claims under the TDCA and the FDCPA, and tort claims under Texas law and 42 U.S.C. § 1983. Section 1983 does not contain a statute of limitations, but borrows its limitations period from the forum state. *See, e.g.*, *Harris v. Hegmann*, 198 F.3d 153, 156-57 (5th Cir. 1999). Under Texas law, the limitations period for a tort claim is two years. *See Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006)(citing TEX. CIV. PRAC. & REM. CODE § 16.003(a)). The Texas and federal debt collection statutes contain their own limitations periods: One year for the FDCPA, 15 U.S.C. § 1692k(d), and two years for the TDCA, TEX. CIV. PRAC. & REM. CODE § 16.003(a), *Galindo v. Snoddy*, 415 S.W.3d 905, 911 (Tex. App. – Texarkana 2013).

Federal law controls the accrual of a claim. *Id.* "Under federal law, a section 1983 action generally accrues when a plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.* at 157 (internal citation and quotation marks omitted).

FCAD filed suit against Davis in the 155th District Court of Fayette County, Texas on March 12, 2012. Amended Complaint, at 6. Davis' claims accrued no later than that date. Davis filed this suit no earlier than April 19, 2016, the date he executed his complaint.[1] *See* Docket Entry No. 1, at 5. Thus, Davis filed this suit more than four years after his claims accrued, and well outside the limitations period.

---

[1]  Davis is incarcerated in the Texas Department of Criminal Justice. Under the prison mailbox rule, a prisoner files a court document on the date he places it in the prison mail system. *See, e.g.*, *Causey v. Cain*, 450 F.3d 601, 604 (5th Cir. 2006). Because Davis could not have submitted his complaint for mailing before he executed it, April 19, 2016, is the earliest possible date he could have filed his complaint.

Davis argues that the statute of limitations should be tolled because he was in some way prevented from filing suit by the pendency of the state court case against him. He cites no legal authority preventing him from filing suit while the state court case against him was pending.

Davis also argues that he could not file this federal suit while the state case was pending because he feared the *res judicata* effect that the first of the two cases to be decided would have on the other. That, however, was a strategic decision, not an impediment to filing a timely lawsuit.

Because Davis did not file this case until some four years after he knew or should have known of the defendants' alleged wrongs, all of Davis' claims against the defendants are barred by limitations. The motions to dismiss must be granted on this basis.

B.     **Debt Collection Acts**

The TDCA regulates debt collection practices with regard to the collection of consumer debts owed to a creditor. TEX. FIN. CODE § 392.301. "Consumer debt" is defined as a debt owed for "personal, family or household purposes and arising from a transaction." *Id.* at § 392.001(2). "Creditor" is defined as a "party, other than a consumer, to a transaction or alleged transaction involving one or more consumers." *Id.* at § 392.001(3). Nowhere does the statute authorize an action against a government official or agency, or the agent of such official or agency, for efforts to collect past due taxes.

Davis tries to avoid this limitation by arguing that *ad valorem* taxes, as opposed to personal taxes, involve the calculation of market prices of minerals which, he apparently contends, constitutes a "transaction." He cites no authority so holding, and his attempt to constitute *ad valorem* taxes as "debt" within the meaning of the TDCA finds no support in the statutory language. Therefore, Davis fails to state a claim under the TDCA.

Similarly, the FDCPA defines "debt" as "any obligation . . . of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes . . . . 15 U.S.C.A. § 1692a (5). Thus, for the same reasons Davis fails to state a claim under the Texas statute, he also fails to state a claim under the FDCPA.

### C. Intentional Torts

Davis also sues for intentional infliction of emotional distress, and makes a variety of allegations contending that the tax claim and state court lawsuit were fraudulent.

#### 1. The FCAD Defendants

FCAD, Moring, and Wagner, contend that they are immune from suit for state tort claims. "[S]overeign immunity, unless waived, protects the State of Texas, its agencies and its officials from lawsuits for damages, absent legislative consent to sue the State." *Fed. Sign v. Texas S. Univ.*, 951 S.W.2d 401, 405 (Tex. 1997). The State's immunity extends to its political subdivisions, such as municipalities and municipal agencies. "Generally, municipalities and other government entities have governmental or sovereign immunity from private litigation." *Knowles v. City of Granbury*, 953 S.W.2d 19, 23 (Tex. App. 1997). Davis points to no waiver of FCAD's immunity from suit for his tort claim. Therefore, Davis' state tort claim against FCAD and its employees Moring and Wagner must be dismissed.

#### 2. The Law Firm Defendants

> Intentional infliction of emotional distress is a "gap-filler" tort, allowing recovery in the rare instances in which a defendant intentionally inflicts severe emotional distress in an unusual manner so the victim has no other recognized theory of redress. *Hoffmann-La Roche, Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex.2004). "Where the gravamen of a plaintiff's complaint is really another tort, intentional infliction of emotional distress should not be available." *Id.* Properly limited, the tort is not

available when the actor " 'intends to invade some other legally protected interest,' even if emotional distress results." *Id. See also Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 816-18 (Tex.2005).

*Lowe v. Hearst Commc'ns, Inc.*, 414 F. Supp. 2d 669, 675 (W.D. Tex. 2006), aff'd, 487 F.3d 246 (5th Cir. 2007). Because Davis' claim relies on an allegedly fraudulent lawsuit, his claim lies in fraud, not intentional infliction of emotional distress.

> For common-law fraud a plaintiff must prove that (1) a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the representation was made with the intention that it be acted upon by the other party; (5) the party actually and justifiably acted in reliance upon the representation; and (6) the party suffered injury. *Ernst Young, LLP v. Pac. Mutual Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex.2001); *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 524 (Tex.1998).

*In re Enron Corp. Sec., Derivative & Erisa Litig.*, 762 F. Supp. 2d 942, 966 (S.D. Tex. 2010).

Much of Davis' fraud claim revolves around his contention that he sold the property in question, and was thus not the owner at the time the tax lawsuit was filed. The facts, as acknowledged by Davis, demonstrate that this claim is meritless.

The lawsuit was filed on March 12, 2012. First Am. Complaint at 6. It sought payment of all delinquent taxes on four tracts of land for tax years 2005-2010. *Id.* at Exh. 3. Davis admits that the delinquencies on tracts 1, 2, and 4 were not satisfied until June of 2012. *Id.* at 7, Exh. 4. Therefore, the Law Firm defendants note, the allegations concerning Tracts 1, 2, and 4 were true at the time the suit was filed.

Davis contends that he sold Tract 3 in January 2008. The Law Firm Defendants point out that Davis was still liable for delinquent taxes on this tract for tax years 2005-2007. They further

note that, under Texas law, property taxes are the obligation of the owner of the land as of January 1 of the tax year.  *See* TEX. TAX CODE  32.07.  This makes Davis liable for the taxes on Tract 3 for tax year 2008, as well.  The delinquency of Tract 3 was satisfied by a third party on October 12, 2012, eight months after the suit was filed.

Davis also complains that the Law Firm Defendants harassed him by notifying him on September 14, 2012, that the case was scheduled for trial the following month.  As the timetable set out above demonstrates, as of that date, the taxes were still owed.  Davis makes no showing that the notification was false or unwarranted.

In sum, Davis fails to identify any material false representation by the Law Firm Defendants.  Therefore, his claim of fraud is without merit.

### D.     Constitutional Claims

Finally, Davis makes vague allegations that his constitutional rights were violated by the defendants' actions.  Giving the *pro se* pleadings a liberal construction, Davis appears to complain that his land was taken from him without due process.  The facts noted above, however, make clear that this claim is without merit.

First, Davis received due process in the form of a court proceeding concerning the disputed taxes.  Second, by Davis' own admission, he sold the land in question before the resolution of the lawsuit.  Therefore, even if land was taken (and there is no indication that it was), it was not taken from Davis.  He identifies no other harm suffered as a result of the defendants' actions.  Therefore, Davis' constitutional claims fail.

### E.     Conclusion

For the foregoing reasons, the defendants' motions to dismiss are granted, and the amended complaint is dismissed.

## IV. Order

1. The defendants' motions to dismiss (Doc. # 32 and 3) are GRANTED;

2. The Amended Complaint (Doc. #19) is DISMISSED WITH PREJUDICE; and

3. This dismissal shall count as a strike for purposes of 28 U.S.C. § 1915(g).

The Clerk shall forward a copy of this Order to the parties and to the three strikes coordinator at: Three_Strikes@txs.uscourts.gov.

It is so ORDERED.

SIGNED on this 11th day of June, 2018.

_____
Kenneth M. Hoyt
United States District Judge